**SAGAPOLUTELE MALAEOLA ANTHONY on Behalf of Himself as Senior Matai and on Behalf of the Sagapolutele Family of Iliili, Plaintiffs**

**v.**

**TALA'I SAGAPOLUTELE and Family and CHOO JIENG IM and Family, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 34-91

July 23, 1991

16

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiffs, Asaua Fuimaono
 For Defendant Sagapolutele, Gata E. Gurr
 For Defendant Choo, Togiola T.A. Tulafono

Plaintiff Sagapolutele is the senior matai of the Sagapolutele family of Iliili, American Samoa. Defendant Tala'i Sagapolutele is a member of the Sagapolutele family and as such she occupies a certain portion of family land known as "Vaiolefala" where she has maintained her residence and has raised subsistence crops. Lately, she entered into an agreement with a non-family member for the lease of her home at a monthly rental of $600.00. Her lessee is the defendant Choo Jieng Im who has set up his grocery business on the premises --- which incorporates customer parking frontage --- notwithstanding the senior matai's objections to any attempts to lease without his consent. After calling a family meeting on the proposed use of family property, and there being no resolution to the parties differences, the matai then filed a petition to enjoin any lease between the defendants and to restrain the continuance of the grocery business on Sagapolutele family property. The matai's concerns are, among other things, the establishment of a precedent to the effect that individual family members may unilaterally reassign family land to strangers.

We hold that the facts disclose circumstances for the proper granting of a preliminary injunction. It is trite law that the senior matai has pule or control over family lands and that in his or her capacity as the matai may assign or designate a piece of family land for the use of individual family members.[1] While he may so parcel out family land for individual use, his pule, however, over such land is not thereby terminated. Pisa v. Solaita, 1 A.S.R. 520 (1935). Thus in Lolo v. The

---

[1] See, e.g., Lutu v. Fuimaono, 4 A.S.R. 450 (1964); Atualevao v. Masalosalo, 4 A.S.R. 868 (1962).

17

Heirs of Sekio, 4 A.S.R.2d 477, 481 (1964), the Court noted "that under Samoan custom family lands are under the jurisdiction of the matai, and [that] a young [untitled] man . . . has no authority to permit strangers to live on communal lands." Similarly, in Fagasoaia v. Fanene, 18 A.S.R.2d 72 (1991), the Court recently said that a "family member's right to live on family land does not include a right to build supermarkets, warehouses, and parking lots on it and rent these out to strangers." Id. at 73. The attempted lease here is clearly an attempt to usurp the matai's pule. See also Fagasoaia v. Fanene, 17 A.S.R.2d 91 (1990).[2]

Finally, the lease attempt here is not only in derogation of the matai's pule, but it is utterly ineffectual in view of the statutory prohibition against the lease of communal land without the Governor's approval. See A.S.C.A. § 37.0221.

The matai's application for a preliminary injunction is granted.

It is so ordered.

---

[2] We necessarily reject defendants' argument that the subject matter of the lease is a house and not communal land.